**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **3:04-CR-165-K** |
| | ) | **(3:05-CV-0782-K)** |
| **JUSTIN LONGMIRE,** | ) | |
| **Defendant/Movant.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an Order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

FINDINGS AND CONCLUSIONS:

Type Case:  This is a motion to vacate, set aside or correct sentence brought by a federal prisoner pursuant to 28 U.S.C. § 2255.

Parties:  Movant is presently confined at the Federal Correction Institution in Seagoville, Texas.

Statement of the Case:  On December 21, 2004, Movant pled guilty to Count 1 of the indictment, which charged him with possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). On April 14, 2005, Movant appeared for sentencing at which time the District Court imposed a sentence of 87 month imprisonment followed by a four-year term of supervised release on Count 1 of the indictment. The remaining counts were dismissed on motion of the government. On April 22, 2005, the District Court's written judgment was entered by the clerk on the docket. On April 28, 2005, Movant filed his

notice of appeal.  On April 20, 2005, he filed the *pro se* § 2255 motion under consideration.  On May 4, 2005, the Clerk transmitted the notice of appeal and docket sheet to the United States Court of Appeals for the Fifth Circuit.

Findings and Conclusions:  The Fifth Circuit has long held that a district court should not entertain a § 2255 motion during the pendency of a direct appeal because "the disposition of the appeal may render the motion moot."  Welsh v. United States, 404 F.2d 333 (5th Cir. 1968), abrogated on other grounds, United States v. Ortega, 859 F.2d 327 (5th Cir. 1988); see also Jones v. United States, 453 F.2d 351, 352 (5th Cir. 1972).  Accordingly, Movant's § 2255 motion should be dismissed without prejudice to Movant reasserting it after the Fifth Circuit has ruled on his direct appeal.

RECOMMENDATION:

For the foregoing reasons it is recommended that the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be dismissed without prejudice to Movant reasserting it after the Fifth Circuit Court of Appeals has ruled on his direct appeal.

Signed May 26, 2005.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

3