**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | **3:04-CR-165-K** |
| ) | | **(3:06-CV-0373-K)** |
| **JUSTIN LONGMIRE, #32546-177,** ) | | **ECF** |
| Defendant/Movant. ) | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an Order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case:  This is a motion to vacate, set aside or correct sentence brought by a federal prisoner pursuant to 28 U.S.C. § 2255.

Parties:  Movant is presently confined at the Federal Medical Center in Springfield, Missouri.  The Court did not issue process in this case pending preliminary screening. See Rule 4 of the Rules Governing § 2255 proceedings.

Statement of the Case:  On December 21, 2004, Movant pled guilty to Count 1 of the indictment, which charged him with possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  United States v. Longmire, 3:04cr165-K (N.D. Tex., Dallas Div.).  On April 14, 2005, Movant appeared for sentencing at which time the District Court imposed a sentence of 87 month imprisonment followed by a four-year term of

supervised release on Count 1 of the indictment. The remaining counts were dismissed on motion of the government. On April 22, 2005, the Court's written judgment was entered by the clerk on the docket. On April 28, 2005, Movant filed his notice of appeal. See No. 05-10607. On April 20 and 29, 2005, he filed his first *pro se* § 2255 motions, which the District Court dismissed without prejudice to Movant reasserting them after the Fifth Circuit Court of Appeals has ruled on his direct appeal. See Longmire v. United States, Nos. 3:05cv782-K and 3:05cv885-K (N.D. Tex., Dallas Div.).

In the present § 2255 motion, filed on February 27, 2006, Movant again seeks to challenge his judgment of conviction and sentence during the pendency of his direct criminal appeal.

Findings and Conclusions: The Fifth Circuit has long held that a district court should not entertain a § 2255 motion during the pendency of a direct appeal because "the disposition of the appeal may render the motion moot." Welsh v. United States, 404 F.2d 333 (5th Cir. 1968), abrogated on other grounds, United States v. Ortega, 859 F.2d 327 (5th Cir. 1988); see also Jones v. United States, 453 F.2d 351, 352 (5th Cir. 1972). Accordingly, Movant's § 2255 motion should be dismissed without prejudice to Movant reasserting it after the Fifth Circuit has ruled on his direct appeal.

RECOMMENDATION:

For the foregoing reasons it is recommended that the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (docket #52) be dismissed without prejudice to Movant reasserting it after the Fifth Circuit Court of Appeals has ruled on his direct appeal.

The Clerk shall mail a copy of this recommendation to Movant.

Signed this 12th day of March, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.