IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 19 2006
CLERK, U.S. DISTRICT COURT
BY_____
DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:04-CR-165-K |
| ) | (3:06-CV-0866-K) |
| JUSTIN LONGMIRE, #32546-177, ) | |
| Defendant/Movant. ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an Order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a motion to vacate, set aside or correct sentence brought, pursuant to 28 U.S.C. § 2255, by a federal prisoner.

Parties: Petitioner is presently confined at FCI Seagoville. The Court did not issue process in this case, pending preliminary screening.

Statement of the Case: Movant was named in a three-count indictment, which charged him with possession with intent to distribute a controlled substance in violation of 18 U.S.C. § 841(a)(1) and 841(b)(1)(B), possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). On December 21, 2004, Movant pled guilty to the first two counts. At sentencing, defense counsel moved to withdraw Movant's guilty plea with respect to

count 2 of the indictment, possession of a firearm during a drug trafficking crime, which the District Court granted. (Sentencing Tr. at 3). Counsel explained that following the guilty plea, new evidence was uncovered establishing that Movant did not realize that the gun was in the automobile when he was stopped. (Id. at 4). The District Court then sentenced Movant to a 87 months imprisonment and a four-year supervised release term with respect to count one, and dismissed the remaining counts on the government's motion. Movant appealed. On April 12, 2006, the Fifth Circuit Court of Appeals dismissed Petitioner's direct appeal pursuant to *Anders v. California*, 386 U.S 738 (1967). *See United States v. Longmire*, No. 05-10607 (5th Cir. 2006).

On May 12, 2006, Movant filed this § 2255 motion. In five grounds, he challenges the ineffective assistance of defense counsel, the constitutionality of the illegal stop, detention, and ensuing search and seizure, and the coercion of his guilty plea.[1]

Findings and Conclusions: Rule 4(b), of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part as follows:

> If it plainly appears from the face of the motion, any annexed exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

This § 2255 motion does not present any basis for collateral relief and should be summarily dismissed.

To establish ineffective assistance of counsel in the context of a guilty plea, a defendant must demonstrate (1) that counsel's performance was deficient, and (2) that there is a reasonable

---

[1] A plea of guilty waives all non-jurisdictional defects. Therefore, Movant's claims that he was subject to an illegal stop, arrest and illegal search are not independent grounds for relief except as they impinge upon his ineffective assistance of counsel claims. *E.g. see Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973).

probability that, but for counsel's errors, defendant would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985); *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996). A court need not address both components of this inquiry if the defendant makes an insufficient showing on one. *Strickland*, 466 U.S. at 697.

In the first ground, Movant alleges counsel rendered ineffective assistance in failing to investigate the stop, the legality of his detention and the search and seizure, and the inconsistencies of the officers' police report. The record clearly demonstrates the absence of any bases to raise objections with respect to these matters. At his re-arraignment before Magistrate Judge Stickney, and after being placed under oath, Movant confirmed the accuracy of the factual resume with he had previously signed on December 7, 2004. *See* Re-arraignment transcript at 20. In pertinent part the factual resume stated that Movant was stopped after Dallas police officers observed him run a stop light, that he told the officers that he had a weapon in his car, and upon recovering the weapon, the officers arrested him, after which they discovered a quantity of crack cocaine in a search conducted incident to his arrest. *See* Factual Resume at p. 2.

"Ordinarily a defendant will not be heard to refute his testimony given under oath." *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985). "'Solemn declarations in open court carry a strong presumption of verity,' forming 'formidable barrier in any subsequent collateral proceedings.' *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

The allegations asserted in the § 2255 motion are in direct contradiction to the facts admitted by Movant while under oath at his re-arraignment. Clearly a motion to suppress

3

predicated on assertions which are refuted by a client's own statements would be patently frivolous. Nor is an attorney required to conduct an investigation into the facts surrounding a traffic stop, an arrest and a search incident to the arrest, when the client's own statements demonstrate the absence of any wrongful conduct on the part of the law enforcement officers.

Movant's claim that he was coerced into signing the factual resume by his attorney is likewise foreclosed by his testimony at the re-arraignment hearing wherein he specifically denied that any one had mentally, physically or in any other way attempted to force him to plead guilty. *See* Re-arraignment Tr. at 15-16.

The fact that Movant was initially co-operative with the police officers in providing them with his driver's license and proof of insurance does not constitute exculpatory evidence which would call into question his guilt on the charge for which he was convicted and sentenced and a motion to withdraw his guilty plea on such ground would have been frivolous.[2]

Finally, Movant claims that his counsel failed to discuss the contexts of the pre-sentence report prior to the sentencing hearing. Assuming *arguendo* that there was no consultation, Movant has shown no prejudice, i.e. that he received a sentence in excess of that prescribed under the Sentencing Guidelines. *See Glover v. United States*, 531 U.S. 198, 121 S. Ct. 696 (2001). No such showing has been made. In fact as the sentencing transcript reflects, his attorney was successful in withdrawing his prior plea of guilty to Count 2 of the indictment, which charged him with possession of a firearm during his possession with intent to distribute a quantity of cocaine base.

---

[2] During a routine traffic stop an officer may ask for a driver's license. *See e.g. United States v. Brigham*, 382 F.3d 500, 507-08 (5th Cir. 2004) (*en banc*).

4

Movant's allegations do not demonstrate either deficient performance or prejudice on the part of defense counsel. Accordingly, the § 2255 motion should be summarily dismissed.

RECOMMENDATION:

For the foregoing reasons it is recommended that the motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 be summarily DISMISSED.

A copy of this recommendation will be mailed to Movant.

Signed this 18th day of September, 2006.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

5